# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

CEDRIC AUSTIN                                                                                             PLAINTIFF
ADC #116669

V.                                       NO: 2:12CV00189 BSM/HDY

JOYCE RENEE MITCHELL *et al.*                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Cedric Austin, in inmate who is currently incarcerated at the Arkansas Department of Correction's East Arkansas Regional Unit, filed a *pro se* complaint (docket entry #2) on September 24, 2012.

### **I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff's complaint, on October 14, 2011, his name was on a "lay-in" list to go see a physician. The list was posted in Plaintiff's barracks, and contained information about the medical condition for which he was scheduled to be seen. Other inmates saw his medical condition, which has caused Plaintiff fear and embarrassment. Plaintiff asserts that the incident was a violation of his rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and he seeks $150,000.00 in damages for the release of his private medical information. Because Plaintiff has failed to state a claim upon which relief may be granted, his complaint should be dismissed.

There is no private right of action for violating HIPAA. *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010). *See also Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006) (holding that "Congress did not intend for private enforcement of HIPAA," and "[e]very district court that has considered this issue is in agreement that the statute does not support a private right of action"); *Watts v. Stewart*, ED/AR No. 4:11CV23 (violation of HIPAA not actionable under 42 U.S.C. § 1983). Accordingly, Plaintiff's complaint should be dismissed.

## III. Conclusion

3

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

4. Plaintiff's motion for appointment of counsel (docket entry #3) be DENIED.

DATED this   28   day of September, 2012.

                                                                  UNITED STATES MAGISTRATE JUDGE